Kelly, J.
(concurring). I agree with the formula that the majority has adopted to be used for determining death benefits of a partial dependent. However, it is obvious to me that § 321 of the Worker’s Disability Compensation Act[1] is ambiguous. Consequently, the *111 majority’s plain meaning analysis is inadequate to determine the Legislature’s intentions in writing it.
The majority has adopted the formula proposed in Justice Cavanagh’s dissent in Weems v Chrysler Corp,[2] except that it retains the Weems majority’s application of the maximum and minimum rates of compensation for injuries. Sometimes, the formula yields a benefit for a whole dependent that falls above the maximum rate or below the minimum rate. In those cases the statutory maximum or minimum is substituted for the figure representing eighty percent of the decedent’s after-tax weekly wage in the formula.[3]
When the maximum and minimum amounts do not apply, the majority’s formula for a partial dependent is as follows:[4]
Benefit = (.80)(decedent’s annual contribution)C8Q)(decedent’s after-tax weekly wage) (decedent’s annual earnings)
Whenever the maximum or minimum is substituted, the benefit for a partial dependent is computed as follows:[5]
Benefit = (.80)(decedent’s annual contribution) (statutory maximum or minimum) (decedent’s annual earnings)
Justice Cavanagh’s formula in Weems differs in this respect: The death benefit for a partial dependent is calculated without regard to the maximum and minimum rates. Then, whenever the resulting death bene *112 fit falls outside the maximum-minimum benefit range, the benefit is adjusted upward to the minimum or downward to the maximum, as the case may be.
Both interpretations are reasonably derived from the language of the statute. Section 321 of the Worker’s Disability Compensation Act states that a wholly dependent survivor’s benefit is calculated as follows:
If death results . . . the employer shall pay ... a weekly payment equal to 80% of the employee’s after-tax average weekly wage, subject to the maximum and minimum rates of compensation under this act, for a period of 500 weeks from the date of death. [MCL 418.321.]
Another part of the same section then directs how the benefit is adjusted for a partially dependent survivor:
If the employee leaves dependents only partially dependent upon his or her earnings for support at the time of injury, the weekly compensation to be paid shall be equal to the same proportion of the weekly payment for the benefit of persons wholly dependent as 80% of the amount contributed by the employee bears to the annual earnings of the deceased at the time of injury. [MCL 418.321.]
The majority reasons that, because the clause “subject to the maximum and minimum rates of compensation” appears only in the whole dependents part of § 321, it refers only to the benefit paid to a whole dependent. On the other hand, the Weems dissent rejects that logic because the 500-week limitation of § 321 appears in the whole dependents part. Yet it applies to partial dependents and is not repeated in the partial dependents part. Also, the partial dependents part does not state that the partial benefit is *113 subject to the maximum and minimum rates of compensation, whereas the fact that it is so subject is undisputed.
Both constructions are antagonized by additional ambiguity in the wording of §§ 355 and 356. Section 355(2), which defines the maximum rate of compensation, states:
[T]he maximum weekly rate of compensation for injuries within the year shall be established as 90% of the state average weekly wage ....
Proponents of the Weems dissent can rely on the fact that the rate referred to is called the maximum rate of compensation. That suggests that they should adjust the result of all benefit calculations, whole or partial. On the other hand, the statutory language can reasonably be read to mean that placement of the maximum rate within the formula is determined by § 321.
The language of § 356(3) also can be read in two different manners. It states:
The minimum weekly benefit for death under section 321 shall be 50% of the state average weekly wage as determined under section 355.
Proponents of the Weems dissent argue that, because the minimum weekly benefit is referred to as the minimum “for death under section 321,” it should replace any death benefit calculated under § 321 that is lower than it. It should be the smallest sum that a partial or whole dependent could possibly receive. On the other hand, one can again point to the minimum benefit as only one factor in the partial dependent’s benefit calculation.
*114 I find that both are reasonable interpretations of the language of §§ 321, 355 and 356. Therefore, § 321 is ambiguous as regards application of the maximum and minimum benefit rates, and rules of statutory construction must be applied to determine the Legislature’s intent.
It is undisputed that the overarching intention of the Legislature was to award a death benefit that is less than the amount that the employee contributed to the dependent. If the Weems dissent formula reflected legislative intent, it would yield that result. However, the contrary is true. Using it, in cases where an employee contributed a small but not de minimus amount before his death, a partial dependent would receive the minimum rate of compensation. Thus, the benefit could be significantly higher than the amount the decedent contributed to the dependent during his lifetime.[6]
By contrast with the Weems dissent’s formula, the majority’s formula yields a death benefit that is normally eighty percent of the amount that the employee contributed to the dependent.
*115 Because it satisfies the Legislature’s purpose of compensating part, but not one hundred percent or more, of the dependent’s loss, I agree with the majority’s formula. Of the possible interpretations of § 321, it alone conforms with the legislative intent to calculate a death benefit that is normally less than the decedent employee’s contribution. Therefore, I concur in the result of the majority opinion.

 MCL 418.321.

 448 Mich 679; 533 NW2d 287 (1995).

 In 2002, the minimum is $357.56 per week and the maximum is $644.00 per week. Http://www.cis.state.mi.us/wkrcomp/82_now.htm, on April 19, 2002.

 There are two 80% multipliers in this formula. The first is the multiplier in the whole dependent’s benefit, which is 80% of the after-tax weekly wage of the decedent. The second 80% multiplier, which was added by a 1985 amendment of the act, is found in the partial dependent’s formula. Ante at 103, n 8.

 The 80% multiplier in this formula is the one found in the formula for a partial dependent’s benefit.

 This is demonstrated by an example from the Weems dissent:
. . ,[I]f, for instance, twenty percent of Mr. Weems’ after-tax earnings were contributed to Mrs. Weems, the formula yields:
[[Image here]]
However, applying § 356, which sets the statutory minimum for death benefits, the payable death benefit would be $207.35, the applicable minimum rate for these parties. [Id. at 718, n 17 (Cavanagh, J. dissenting).]
In this example, the calculated benefit of $131.66 was raised to $207.35 a week, which was the minimum rate for death benefits in 1986. However, the employee had contributed only $8,558 annually before death. Hence, under the Weems dissent formula, the dependent received only $164.57 a week from the decedent and would receive $207.35 a week after.